CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 5, 2013

LETTER TO COUNSEL

     RE:     *James Weems v. Commissioner of Social Security*;
                Civil No. SAG-12-2993

Dear Counsel:

     On October 9, 2012, claimant James Weems petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Weems's reply. (ECF Nos. 13, 14, 15). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

     Mr. Weems filed his claim for benefits on October 30, 2008, alleging disability beginning on August 1, 2008. (Tr. 129-30). His claim was denied initially on May 5, 2009, and on reconsideration on February 19, 2010. (Tr. 78-81, 83-84). On February 15, 2011, an Administrative Law Judge ("the ALJ") held a hearing. (Tr. 27-75). On March 25, 2011, the ALJ determined that Mr. Weems was not disabled prior to his date last insured ("DLI") of December 31, 2008. (Tr. 10-26). The Appeals Council denied Mr. Weems's request for review, (Tr. 1-6), so the ALJ's opinion is the final, reviewable decision of the agency.

     The ALJ found that Mr. Weems suffered from the severe impairment of "arteries venous malformation (AVM)." (Tr. 15). Despite this impairment, the ALJ found that during the relevant time period, Mr. Weems had retained the residual functional capacity ("RFC") to

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except limited to simple, routine, unskilled jobs SVP2 in nature, low concentration and memory due to pain and depression, avoiding heights and hazardous machinery due to imbalance, temperature and humidity extremes, lift 10 pounds occasionally and lesser amounts frequently, with a sit for thirty minutes and stand for five or ten minutes consistently on an alternate basis eight hours a day and five days a week, or stand option.

(Tr. 19). After considering testimony from a vocational expert ("VE"), the ALJ concluded that

Mr. Weems could perform work existing in the local and national economy, and that he therefore was not disabled. (Tr. 22-23).

Mr. Weems raises several arguments in support of his appeal. While I find some of his arguments unpersuasive, I concur that the ALJ should have analyzed whether Mr. Weems's condition meets or equals one of the subparts in Listing 1.04. Moreover, I further agree that the ALJ erred in his rationale for affording substantial weight to consultative examiner Dr. Kamsheh. For those reasons, remand is appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Weems is not entitled to benefits is correct or incorrect.

Beginning with the arguments I find unpersuasive, Mr. Weems argues unsuccessfully that his RFC is not supported by substantial evidence, and that the ALJ erred by failing to assign weight to his treating physicians. Mr. Weems contends that he lacks the ability to stand, walk, or sit for the times required to perform sedentary work, citing his own testimony regarding his abilities. Pl. Mot. 33-34. However, the ALJ made an adverse credibility finding. (Tr. 20). Mr. Weems also cites medical evidence from the five-month period between his alleged disability onset date and his DLI to suggest that the RFC was unsupported. Pl. Mot. 34-35. However, the ALJ cited objective medical evidence suggesting that Mr. Weems's abilities following his surgery exceeded those he described in his testimony and did not persist for the requisite twelve-month minimum. *See, e.g.,* (Tr. 300) (Dr. Aldrich report noting deterioration in the few weeks preceding August 25, 2010, but that previously, following surgery in December, 2008, Mr. Weems did well and "was able to remain active and walk without a cane. He still complained of lower extremity weakness, but explains that it was manageable."); (Tr. 287) (Dr. Sebastian report citing "considerable improvement in the pain and to some degree in his lower extremity symptoms" after surgery and noting that eleven months post-surgery he could ride a bike for three to four miles before experiencing any weakness in his legs). I find that the ALJ's adverse credibility finding was therefore supported by substantial evidence.

Mr. Weems's treating physicians cited above, Drs. Aldrich and Sebastian, did not provide formal medical opinions. Mr. Weems correctly notes that they are not required to provide such opinions. Pl. Mot. 37. However, if no medical opinions are issued, the ALJ can have no corresponding obligation to make an express assignment of weight. The ALJ properly considered and discussed the medical evidence from the reports of both treating physicians. (Tr. 18, 20-21) (Dr. Aldrich); (Tr. 18, 21) (Dr. Sebastian). The ALJ therefore fulfilled his duty to consider the medical evidence of record.

The ALJ erred, however, in his explanation for assigning substantial weight to consultative examiner Dr. Kamsheh. The ALJ premised his assignment of substantial weight on the fact that Dr. Kamsheh's opinion "was based upon thorough review of the evidence." (Tr. 21). In contrast, Dr. Kamsheh's report expressly states that he did "not have any records" (Tr. 277). Particularly given the fact that Dr. Kamsheh's evaluation occurred significantly after Mr. Weems's date last insured, the ALJ needs to provide additional explanation to justify an assignment of substantial weight to the opinion.

*James Weems v. Commissioner of Social Security*
Civil No. SAG-12-2993
September 5, 2013
Page 3

      Moreover, I agree that the ALJ should have identified Listing 1.04, and should have discussed whether Mr. Weems's impairments meet or equal the criteria of that Listing. Listing 1.04 governs disorders of the spine, and has several subsections.[1] Although the Commissioner appropriately notes that Mr. Weems's diagnosis of arteriovenous malformation is not a musculoskeletal disorder of the spine, a finding of medical equivalency would not be precluded even if his condition were not considered a "disorder of the spine." Many of the criteria set forth in Listing 1.04A, for example, appear to arguably have been present in Mr. Weems's case during the relevant time frame, including "markedly abnormal appearance of the nerve roots," (Tr. 202); limitation of motion of the spine (Tr. 206); motor loss accompanied by sensory or reflex loss, *id.*; and a positive straight leg raising test, *id.* As a result, the ALJ should have evaluated whether Mr. Weems's impairments meet, or constitute the medical equivalent of, the criteria of Listing 1.04. Absent an express evaluation, I cannot determine whether the ALJ's analysis was supported by substantial evidence.

      For the reasons set forth herein, Mr. Weems's motion for summary judgment (ECF No. 13) and Defendant's motion for summary judgment (ECF No. 15) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                      Sincerely yours,

                        /s/

                      Stephanie A. Gallagher
                      United States Magistrate Judge

---

[1] Listing 1.04 involves disorders of the spine that result in compromise of a nerve root or the spinal cord. To meet Listing 1.04A, evidence of nerve root compression must be demonstrated by "neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss . . . accompanied by sensory or reflex loss, and, if there is involvement of the lower back, positive straight-leg raising test". 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.