**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 29, 2015

LETTER TO COUNSEL

RE:     *James A. Weems v. Commissioner, Social Security Administration*;
        Civil No. SAG-12-2993

Dear Counsel:

    Frederick A. Raab, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), in conjunction with his representation of James A. Weems before this Court. (ECF No. 22).  In response, the Commissioner asked the Court to consider whether enforcement of the contingent fee agreement in this case would result in a windfall to Mr. Raab. (ECF No. 24).  I have considered those filings and Mr. Raab's reply to the Commissioner's response.  (ECF No. 25).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2014).  For the reasons set forth below, Mr. Raab's motion for attorney's fees is GRANTED.

    In this case, Mr. Weems was awarded $144,105.90 in past due benefits, twenty-five percent of which, $36,026.48, was withheld to pay attorney's fees in an amount approved by this Court.  Pl. Mot. Ex. 2, at 6.  Because Mr. Raab has already received $6,000.00 for representing Mr. Weems in his administrative proceedings, Mr. Raab now requests $30,026.48 for representing Mr. Weems before this Court.  Pl. Mot. 1.

    The Social Security Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits.  42 U.S.C. § 406(b).  Although contingent fee agreements are the "primary means for by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  In this case, Mr. Raab and Mr. Weems entered into a contingent fee agreement, by which Mr. Weems agreed to pay Mr. Raab twenty-five percent of all retroactive benefits to which he might become entitled.  (ECF No. 18-5).  In a previous motion for attorney's fees pursuant to the EAJA, Mr. Weems submitted an itemized report documenting the 31.8 hours Mr. Raab expended before this Court in Mr. Weems's case.  (ECF No. 18-7).  If Mr. Raab receives the full amount of fees he requests, his fee for representation before this Court will effectively

*James A. Weems v. Commissioner, Social Security Administration*
Civil No. SAG-12-2993
May 29, 2015
Page 2

total $944.22 per hour.[1]  Mr. Raab must therefore show that an effective rate of $944.22 per hour is reasonable for the services he rendered.  *See Gisbrecht*, 535 U.S. at 807.

      In his reply, Mr. Raab primarily argues that his requested fee is reasonable due to his expertise, which he claims allowed him to expend fewer hours obtaining a favorable result than would have been spent by a less experienced attorney in obtaining the same result.  Pl. Reply 3-4.  In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative received."  *Id.* at 808.

      As a metric of reasonableness, the Sixth Circuit has considered whether the hourly rate generated by enforcing the contingency fee agreement is more than twice the standard market rate.  *See Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 421, 422 (6th Cir. 1991) (holding that hypothetical hourly rates that are less than twice the standard market rate are *per se* reasonable); *but see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309-10 (6th Cir. 2014) (noting that the Supreme Court's decision in *Gisbrecht* "elides strict presumptions altogether," but nevertheless considering that the requested hourly rate was more than quadruple the standard rate).  In this case, Mr. Raab's requested fee results in slightly less than twice the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the guidelines appended to the Local Rules of this Court.[2]  Although Mr. Raab's requested rate far exceeds the typical rate awarded by this Court for attorney's fees in Social Security appeals, this case presents a relatively unique set of factual circumstances which allow me to conclude that the rate is warranted.  With respect to the results Mr. Raab's representation obtained, I note not only that Mr. Weems's case was remanded to the agency, but also that the Court found remand appropriate based on two of only three arguments raised in Mr. Weems's motion for summary judgment.  This Court often determines that remand in Social Security cases is appropriate for only one of a multitude of arguments raised by counsel, and occasionally it determines that remand is appropriate for reasons not raised by counsel at all.  Mr. Raab's representation in this case was both highly effective and highly efficient.  In addition, I note that Mr. Weems has submitted a letter to the Court expressing his understanding of and his satisfaction with the fee agreement, which indicates the value to Mr. Weems of Mr. Raab's representation.  Pl. Reply Ex. 3; *see Bowser v. Astrue*, No. PWG-09-969, 2011 WL 673767, at *3 (D. Md. Feb. 17, 2011)

---

[1] After his case was remanded pursuant to this Court's September 5, 2013, Order, Mr. Weems sought and was awarded $5,963.79 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF Nos. 18, 21).  If Mr. Raab receives the full amount of attorney's fees he requests pursuant to the Social Security Act, he must reimburse to Mr. Weems the $5,963.79 in fees he received pursuant to the EAJA.  *See Gisbrecht*, 535 U.S. at 796; *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).  In calculating the hourly rate of his attorney's fees, Mr. Raab suggests that the Court also subtract the amount of the fees he received under the EAJA.  However, their value should be included in calculating the total hourly rate for Mr. Raab's services before this Court, since the amount will be included in the total payment to Mr. Raab.

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorneys' fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2014).  For attorneys admitted to the bar for twenty years or more, the presumptively reasonable hourly rate is between $300.00 and $475.00 per hour.  *Id.*

*James A. Weems v. Commissioner, Social Security Administration*
Civil No. SAG-12-2993
May 29, 2015
Page 3

(according "some weight" to the claimant's consent to the fee requested).   Thus, given Mr. Raab's extensive experience and the unique circumstances in this case, the fee requested by Mr. Raab is reasonable.

    For the reasons set forth herein, Mr. Raab's motion for attorney's fees (ECF No. 22) will be GRANTED for $30,026.48.  The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion.   An implementing order follows.


                    Sincerely yours,


                        /s/


                    Stephanie A. Gallagher
                    United States Magistrate Judge